UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADAEZE NWOSU,<br><br>    *Plaintiff*,<br><br>    v.<br><br>YALE UNIVERSITY, LAURA MENT, BARBARA WATTS, THE UNITED STATES DEPARTMENT OF EDUCATION, JILLIAN SIEGELBAUM, MEIGHAN MCCREA, GILIAN THOMPSON, BARBARA BARZANSKY, ROBERT B. HASH, KENNETH B. SIMONS, UNIVERSITY OF MIAMI, AND RICHARD S. WEISMAN.<br><br>    *Defendants*. | **Case No. 1:24-cv-02213-CRC** |

### UNIVERSITY OF MIAMI AND RICHARD S. WEISMAN'S JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECUSAL

Defendants, University of Miami (the "University") and Richard S. Weisman ("Dr. Weisman") (collectively, the "Miami Defendants"), by and through undersigned counsel, hereby respond in opposition to the Motion for Recusal (the "Motion") (ECF No. 6) filed by *pro se* Plaintiff, Adaeze Nwosu.

In her Motion, Plaintiff requests that the Court recuse from this case because of (1) an alleged "unfavorable decision" by the Court in an unrelated lawsuit brought by Plaintiff and (2) purported decisions by the Court in unrelated lawsuits not involving Plaintiff, in which the Court allegedly "uph[e]ld inapplicable laws" and "unlawfully protect[ed] the large institutions" in those cases. The Motion, on its face, fails to satisfy the requisite standard for recusal, and motions like Plaintiff's routinely are denied. As this Court previously explained:

> Plaintiff appears to indicate that recusal is necessary based upon this Court's judicial decisions—both in the above-captioned case as well as in two unrelated civil actions in which Plaintiff's counsel was or is involved. . . . It is well established, however, that "judicial rulings alone almost never constitute a valid basis for a bias or partiality

>motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). As the Supreme Court has observed, judicial rulings by themselves "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved." *Id*.

*Sataki v. Broad. Bd. of Governors*, 733 F. Supp. 2d 16, 20 (D.D.C. 2010). *See also Martin-Trigona v. Shiff*, 600 F. Supp. 1184, 1187 (D.D.C. 1984) ("Adverse rulings alone do not amount to a claim of personal bias or prejudice as outlined in section.") (internal citations omitted).  Accordingly, the Motion should be denied.

Respectfully submitted,

**MASSEY & GAIL LLP**
The Wharf
1000 Maine Ave. SW, Suite 450
Washington, D.C. 20024
Tel.: (202) 780-0351

By: /s/ Bret R. Vallacher
    Bret R. Vallacher
    D.C. Bar No. 90014327
    bvallacher@masseygail.com

and

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel.: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Christopher M. Yannuzzi
Eric D. Isicoff (*pro hac vice* pending)
Florida Bar No. 372201
Isicoff@irlaw.com
Christopher M. Yannuzzi (*pro hac vice pending*)
Florida Bar No. 92166
Yannuzzi@irlaw.com

*Counsel for University of Miami and Richard S. Weisman (the Miami Defendants)*

2

**CERTIFICATE OF SERVICE**

I, Bret R. Vallacher, an attorney for the Miami Defendants, hereby certify that on this 23rd day of August, 2024, I filed and therefore caused the foregoing document to be served via the CM/ECF system in the United States District Court for the District of Columbia on all parties registered for CM/ECF in the above-captioned matter. *See* Pro Se Consent to Receive Notices of Electronic Filing (ECF No. 5) (Plaintiff consenting to CM/ECF service). Out of an abundance of caution, I also caused copies of the foregoing document to be served on plaintiff at the following physical address and email address:

Adaeze Nwosu, *pro se*
1802 Vernon St., Ste. 508
Washington, DC 20009
Tel.: (202) 855-4226
E-mail: ireoma@gmail.com

I further certify that on this 23rd day of August, 2024, I caused the foregoing document to be mailed to all other defendants based on their mailing addresses included in the complaint.

By: /s/ Bret R. Vallacher
      Bret R. Vallacher