UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ADAEZE NWOSU**, | |
| Plaintiff, | |
| v. | Case No. 24-cv-2213 (CRC) |
| **YALE UNIVERSITY**, et al., | |
| Defendant. | |

## OPINION AND ORDER

Plaintiff Adaeze Nwosu, proceeding pro se, brings fraud and Title VI claims against the Yale School of Medicine, the University of Miami School of Medicine, the United States Department of Education, employees of the Liaison Committee for Medical Education ("LCME"), and various other individual defendants associated with these institutions because she was not admitted as a transfer student to Yale's or the University of Miami's school of medicine. The University of Miami defendants and the LCME employees have moved to dismiss the complaint on several grounds. The Court will dismiss the claims against them for lack of personal jurisdiction. The Court will also deny Nwosu's motion for recusal and strike her notice of removal.

The Department of Education defendants have yet to appear and the Yale defendants have appeared but have not replied to the complaint. The claims against those defendants therefore remain live.

**I.   Background**

Although Nwosu's amended complaint is not a model of clarity, the Court takes the following facts from her filings as true. See Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253–54 (D.C. Cir. 2005). The defendants no doubt contest many of these allegations.

Nwosu first applied to the Yale School of Medicine in 2017 and was "waitlisted indefinitely." Compl., ECF No. 1, at 6. She claims that when she applied, she "endured a very racist interview by one of the admissions team." Id. at 10. Then, in the spring of 2022, she sought to transfer to the Yale School of Medicine from an institution in Ireland and spoke to the Yale dean of admissions over Zoom about doing so. Compl. at 4, 7.[1] During the Zoom call, the dean of admissions sent Nwosu the school's transfer policy, which, according to Nwosu, stated that transfer applications would be considered in April 2022. Id. at 7. The dean also "accepted that [Nwosu] could be considered for a transfer application." Id. at 9. Nwosu's mother later sent a letter to Yale's admissions director[2] "detailing race based prejudice" faced by Nwosu at her current school. Id. at 7. In preparation for her application, Nwosu obtained six letters of recommendation from physicians and scientists. Id. Her current institution also submitted its curriculum to Yale. Id. When Nwosu visited the Yale School of Medicine's website at the end of the month, however, she found that the school's transfer policy had changed such that transfer applications would not be considered until June. Id.

Nwosu wrote to the admissions director asking for a transfer application. Id. The dean responded that the school was waiting to see whether there would be space for transfer students in the class. Id. Then, in early May, the dean informed Nwosu that there would be no space for transfer students to begin in the fall of 2022. Id. Nwosu alleges that the school's decision not to accept transfer applicants after all was an act of "race-based discrimination" because it "unfavorably prevented a black female applicant, who had testified in confidence . . . about the

---

[1] Because the Complaint does not use paragraph numbers consistently, the Court will cite to page numbers of the Complaint instead.

[2] Nwosu alternately refers to the dean of admissions and the director of admissions at Yale's School of Medicine. It is not clear whether she means to refer to the same person.

racial prejudice and actions precluding her from continuing her medical education" from applying to transfer.  Id. at 8.

Nwosu then complained to a Diversity, Equity, and Inclusion official at Yale "about possible admissions discrimination."  Id. at 7.  She also reached out to the Liaison Committee of Medical Education ("LCME"), which serves as an accrediting body for medical education programs leading to the M.D. degree.  Id. at 8; LCME Mot. to Dismiss, ECF No. 21, at 3.  She was advised to lodge formal complaints with Yale and the LCME.  Compl. at 8.  In September 2022, Nwosu filed a complaint with the LCME, alleging that the Yale School of Medicine had prevented her from applying to transfer because of her race.  Id. at 15–16.  A few days later, LCME responded with its determination that Nwosu's complaint did "not contain issues relating to the program's compliance with accreditation standards nor performance in accreditation elements."  Id. at 18.  Accordingly, LCME closed the file on Nwosu's complaint and informed her that no further action would be taken.  Id.  Nwosu then wrote a letter to LCME Co-Secretary Barbara Barzansky seeking reconsideration of LCME's decision not to act on her complaint.  Id. at 19; LCME Mot. to Dismiss at 5.  Barzansky is not alleged to have responded.  Compl. at 19.

Nwosu also filed a complaint with the Department of Education's Office of Civil Rights. Id. at 11.  One Department of Education official, Jillian Siegelbaum, allegedly told her that Yale's actions were "protected by immunity."  Id.  Nwosu spoke to another official, Gilian Thompson, who purportedly told her that she would convey Nwosu's response to "Yale's comments about her allegations" to the school.  Id. at 12.  Thompson also informed Nwosu via email that her response would be considered in connection with the Department's investigation. Id.  When Nwosu followed up over email about Yale's response to her "subsequent enquiries,"

Thompson told her that the Department was considering the information provided by Nwosu and Yale. Id. at 13.

Nwosu also applied to the University of Miami's MD/MPH program during the 2020 admissions cycle. Id. at 20. After her interview, she complained about the "type, tone and a[g]gressive manner" of the interviewing physician and subsequently received a low interview score. Id. at 21. Nwosu followed up on her application in the spring of 2022 with Dean of Admissions Dr. Richard S. Weisman. Id. at 20–21; Miami Mot. to Dismiss, ECF No. 10, at 1. Dr. Weisman informed Nwosu over email that she had not been waitlisted for the M.D. program because her M.D. Program score "was lower and out of the alternative list range." Id. at 21. She had, however, been placed on the waitlist for the MD/MPH program, but the university had not ultimately offered her admission. Id.[3] Nwosu alleges that the University of Miami "negligently removed" her "from the waitlist because of her race/national origin." Id.

Nwosu filed suit against the Yale School of Medicine and two of its employees, Laura Ment and Barbara Watts (together, the "Yale Defendants"); two LCME employees, Robert Hash and Barbara Barzansky, and an LCME independent contractor, Kenneth Simons (together, the "LCME Defendants"); the University of Miami and Dr. Weisman (the "Miami Defendants"); and the United States Department of Education and three of its employees, Jillian Siegelbaum, Meighan McCrea, and Gilian Thompson (the "Government Defendants"). See Compl. at 1–2. Nwosu alleges that Yale and the University of Miami violated Title VI of the Civil Rights Act of 1964 ("Title VI") and made fraudulent representations by declining to admit her as a transfer

---

[3] Nwosu appears to have pasted text from an email exchange with Weisman in the complaint, though it is not entirely clear which text is attributable to Nwosu and which to Weisman. See Compl. at 21. It appears that Weisman told Nwosu that the University of Miami never reached her score on the MD/MPH waitlist such that she would have been admitted, but Nwosu alleges that "[y]ou did reach my score on the MD/MPH program alternate list." Id.

4

student, and that LCME and the Department of Education made fraudulent representations while investigating her complaints.

The Miami Defendants and LCME Defendants filed motions to dismiss. Nwosu opposes. She has also filed a motion for recusal and a notice of removal purporting to remove or transfer this case to the Southern District of New York under 28 U.S.C. § 1404(a) or 28 U.S.C § 1441.[4] See ECF Nos. 31, 39. The Court will grant the motions to dismiss, deny Nwosu's motion for recusal and strike her notice of removal.

## II. Legal Standards

LCME and the University of Miami have moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6).

Under Rule 12(b)(2), a defendant may move to dismiss a suit for lack of personal jurisdiction. Erwin-Simpson v. AirAsia Berhad, 985 F.3d 883, 888 (D.C. Cir. 2021). A plaintiff "bear[s] the burden of establishing personal jurisdiction over the defendants." Clay v. Blue Hackle N. Am. L.L.C., 907 F. Supp. 2d 85, 87 (D.D.C. 2012). To establish personal jurisdiction, a plaintiff "'must allege specific acts connecting [the] defendant with the forum' and 'cannot rely on conclusory allegations.'" Id. (quoting Second Amend. Found. v. U.S. Conference of Mayors, 274 F.3d 521, 524 (D.C. Cir. 2001)).

Under Rule 12(b)(5), a defendant may move to dismiss an action for "insufficient service of process." The plaintiff bears the burden of proving that he effectuated proper service. See Hilska v. Jones, 217 F.R.D. 16, 20 (D.D.C. 2003) (citing Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987)). "[T]o do so, he must demonstrate that the procedure employed satisfied the

---

[4] Nwosu actually cites "28 U.S.C § 144," Notice, ECF No. 39, at 1, but presumably means to invoke 28 U.S.C § 1441.

5

requirements of the relevant portions of Rule 4 and any other applicable provision of law." Light, 816 F.2d at 751 (quotation marks omitted). "[U]nless the procedural requirements for effective service of process are satisfied, a court lacks authority to exercise personal jurisdiction over the defendant." Candido v. District of Columbia, 242 F.R.D. 151, 160 (D.D.C. 2007). "Although district courts have broad discretion to dismiss a complaint for failure to effect service, dismissal is not appropriate when there exists a reasonable prospect that service can be obtained." Novak v. World Bank, 703 F.2d 1305, 1310 (D.C. Cir. 1983). In such cases, the court has discretion to quash service and instruct the plaintiff to try again. See, e.g., Angelich v. MedTrust, LLC, 910 F. Supp. 2d 128, 132 (D.D.C. 2012).

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court "must treat the complaint's factual allegations as true and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged." Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (cleaned up). Although a complaint need not provide "detailed factual allegations" to withstand a 12(b)(6) motion, it must offer "more than labels and conclusions." Twombly, 550 U.S. at 555. Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers," so long as the pleading contains "factual matter" that allows the Court to "infer more than the mere possibility of misconduct." Atherton v. D.C. Off. of Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (citation omitted).

### III. Analysis

Because the Court does not have personal jurisdiction over either the Miami or LCME Defendants, it will dismiss Nwosu's claims against them. The Court will not transfer Nwosu's claims because, in any event, she fails to state any claim for relief. The Court will also deny Nwosu's motion for recusal and strike her notice of removal.

#### A. Miami Defendants' Motion to Dismiss

##### 1. *Personal Jurisdiction*

The Miami Defendants contend that Nwosu has failed to meet her burden of establishing personal jurisdiction over them. The Court agrees.

Two forms of personal jurisdiction empower a court to exercise coercive authority over a non-resident defendant: general and specific jurisdiction. General jurisdiction arises when the "non-resident defendant maintains sufficiently systematic and continuous contacts with the forum state, regardless of whether those contacts gave rise to the claim in the particular suit." App Dynamic ehf v. Vignisson, 87 F. Supp. 3d 322, 326 (D.D.C. 2015) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–15 (1984)). Section 13–422 of the D.C. Code enables a District of Columbia court to exercise general jurisdiction "over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief." When a corporate defendant is neither incorporated in nor has its principal place of business in the forum state, "a court has general jurisdiction over the defendant only if its affiliations with the State in which suit is brought are so constant and pervasive as to render [it] essentially at home in the forum state." Moldauer v. Constellation Brands Inc., 87 F. Supp. 3d 148, 154 (D.D.C. 2015) (Cooper, J.) (citation and quotation marks omitted), aff'd, No. 15-5103, 2019 WL 3955850 (D.C. Cir. Aug. 7, 2019).

7

Neither of the Miami Defendants meets the requirements for the Court to exercise general jurisdiction. The University of Miami is a not-for-profit corporation that is not organized under the laws of, nor maintains its principal place of business in, the District of Columbia. Miami Mot. to Dismiss, Ex. 1 ("Goldberg Decl.") ¶ 3. Dr. Weisman is domiciled in Florida and has never resided in the District of Columbia. Id., Ex. 2 ("Weisman Decl.") ¶ 3. The Court therefore may not exercise general jurisdiction over the Miami Defendants.

Nor does the Court have specific jurisdiction over either defendant. Specific jurisdiction exists when the plaintiff's claim arises "out of or [is] related to the defendant's contacts with the forum." Helicopteros, 466 U.S. at 414 n.8. "A plaintiff seeking to establish specific jurisdiction over a non-resident must establish that specific jurisdiction comports with the forum's long-arm statute, D.C. Code § 13–423(a), and does not violate due process." FC Inv. Grp. LC v. IFX Mkts., Ltd., 529 F.3d 1087, 1094–95 (D.C. Cir. 2008). The District of Columbia's long-arm statute permits the exercise of personal jurisdiction over persons "as to a claim for relief arising from" certain specified activities in the District of Columbia, including transacting business, contracting to supply services, and causing tortious injury. D.C. Code § 13–423(a).

Nwosu's claims do not arise from any action taken by the Miami Defendants in the District of Columbia.[5] Her claims are entirely based on the School of Medicine's decision not to admit her as a transfer student, which was made in Florida.

Without specifying whether her argument goes to general or specific jurisdiction, Nwosu responds the University of Miami has an externship program for law students in D.C.,

---

[5] Nwosu's unsupported allegation that "all defendants have significant minimum contacts in the District of Columbia," Compl. at 4, does not move the needle. A plaintiff must put forward "specific, non-conclusory allegations that establish personal jurisdiction over" the defendants. Dean v. Walker, 756 F. Supp. 2d 100, 104 (D.D.C. 2010)

occasionally sends lobbyists to D.C., and that the LCME, which is responsible for medical-school accreditation, has a D.C. address. Opp'n, ECF No. 30, at 3–9. Those contacts are not enough to assert general jurisdiction over the Miami Defendants. And Nwosu's claims do not arise from the University of Miami's externship program, lobbying efforts, or accreditation process, so specific jurisdiction does not exist, either. The Court therefore may not exercise personal jurisdiction over the Miami Defendants.[6]

And because the plaintiff's claims "demonstrate[] significant substantive problems," as the Court will next discuss, the Court does not find it in the interests of justice to transfer this case to another court. Ananiev v. Wells Fargo Bank, N.A., 968 F. Supp. 2d 123, 132 (D.D.C. 2013).

### 2. Failure to State a Claim

In any event, Nwosu fails to state either a Title VI or negligence claim against the Miami Defendants. First, her claims are barred by the applicable statutes of limitation. Title VI claims and negligence claims are both governed by a three-year statute of limitations. Stafford v. George Washington Univ., 56 F.4th 50, 53 (D.C. Cir. 2022) (Title VI); Shenton v. Potomac Elec. Power Co., No. 19-cv-1426 (RBW), 2020 WL 12980379, at *3 (D.D.C. Nov. 30, 2020) (negligence). Nwosu's claims relate to the University of Miami's decision not to admit her during the 2020 admissions cycle. She was aware that she had been waitlisted by March 2020. Compl. at 21. But she did not follow up on her application until March 2022, Compl. at 20–21,

---

[6] Since Nwosu has failed to establish jurisdiction over the defendants under the District of Columbia's long-arm statute, "the Court does not have to resolve whether the exercise of personal jurisdiction is reasonable or fair based on the District of Columbia's interest in adjudicating the dispute." Dean, 756 F. Supp. 2d at 104 n.3 (cleaned up) (citation omitted).

and did not file her complaint against the University of Miami Defendants until July 2024. Her claims are therefore time-barred.

Nwosu responds that she did not know of Weisman's "wiles and guiles" until March 2022. Opp'n at 10; Compl. at 20. It is not clear what she means. But to the extent she attempts to invoke the discovery rule applicable to negligence claims, she fails. The discovery rule provides that when "the relationship between the fact of injury and the conduct is obscure . . . the claim does not accrue until the claimant knows or by the exercise of reasonable diligence should know of (1) the injury, (2) its cause[-]in[-]fact, and (3) some evidence of wrongdoing.'" Shenton, 2020 WL 12980379, at *3 (alteration in original). Here, the relationship between Nwosu's injury—not being admitted as a transfer student—and Weisman's conduct—communicating with her in his capacity as the Dean of Admissions— is not obscure. Even if it was, Nwosu could have exercised reasonable diligence to learn more about the status of her application by following up promptly, rather than waiting for two years.

And even if Nwosu's claims were not time-barred, her allegations do not state either a Title VI or negligence claim. She alleges nothing more than the University of Miami placed her on the waitlist for its MD/MPH program and ultimately did not admit her off the waitlist. Both her Title VI and negligence claims center on the conclusory allegation that she was removed from the waitlist either "negligently" or "because of her race." Compl. at 21. But she alleges no facts in support. The only facts she offers are that she was not admitted off the waitlist and that Weisman told her the school never reached her score on the waitlist such that it would have admitted her. Nwosu does baldly state that the school "did reach my score," id., but that entirely conclusory opinion, without any factual support, does not state a legal claim by any stretch of the

imagination, even under the "less stringent standards" afforded to pro se complaints. Atherton, 567 F.3d at 681–82.[7]

### B. LCME Defendants' Motion to Dismiss

#### 1. Personal Jurisdiction

Nwosu's claims against the LCME Defendants arise out of their response to her complaint against Yale after her transfer application there was denied. She sued three individuals who she believes were involved with LCME's consideration of the decision not to act on her complaint: Barzansky, the LCME Co-Secretary, Hash, an American Medical Association employee assigned to the LCME, and Simons, an LCME contractor. LCME Mot. to Dismiss at 5–6. The Court does not have personal jurisdiction over any of these defendants.

First, none of the three defendants are domiciled or work in D.C., so the Court cannot exercise general jurisdiction over them. See Duarte v. Nolan, 190 F. Supp. 3d 8, 12–13 (D.D.C. 2016) ) (Cooper, J.). Barzansky lives and works in Chicago. LCME Mot. to Dismiss, Ex. A ("Barzansky Decl.") ¶¶ 5-7. Hash has at all relevant times lived and worked in Illinois or Tennessee. LCME Mot. to Dismiss, Ex. B ("Hash Decl.") ¶¶ 5–6. And Simons resides in Wisconsin and has never worked in D.C. LCME Mot. to Dismiss, Ex. C ("Simons Decl.") ¶ 6–7.

The Court also cannot exercise specific personal jurisdiction over the LCME Defendants because Nwosu's claims do not arise from any of their contacts with D.C. See D.C. Code § 13–423(a). Indeed, they have no such contacts, as none of the LCME Defendants have ever lived or

---

[7] Nwosu also concedes her failure to properly serve the Miami Defendants. Opp'n at 1–2. This appears to be another ground supporting dismissal, except that given her representation that she is attempting to serve the correct address, there may "exist[] a reasonable prospect that service can be obtained." Barot v. Embassy of the Republic of Zambia, 785 F.3d 26, 29 (D.C. Cir. 2015).

worked in D.C.  Barzansky Decl. ¶¶ 6–7; Hash Decl. ¶¶ 5–6; Simons Decl. ¶¶ 6–7; LCME Mot. to Dismiss at 6.

The Court will therefore dismiss the claims against the LCME Defendants for lack of personal jurisdiction.  And it will not transfer the case because of the "significant substantive problems" the Court will next discuss.  Ananiev, 968 F. Supp. 2d at 132.

   2. *Failure to State a Claim*

Nwosu also fails to state a claim of fraud, fraudulent misrepresentation, or constructive fraud against Hash and Simons.  The elements of fraud include "(1) a false representation (2) made in reference to a material fact, (3) with knowledge of its falsity, (4) with the intent to deceive, and (5) an action that is taken in reliance upon the representation."  Hercules & Co. v. Shama Rest. Corp., 613 A.2d 916, 923 (D.C. 1992).  Constructive fraud, too, requires that the defendant make a false representation.  See Himmelstein v. Comcast of the Dist., LLC, 908 F. Supp. 2d 49, 59 (D.D.C. 2012).

Here, Nwosu has not alleged any false representation by Hash or Simons.  The only representation identified in the complaint is the LCME Defendants' response to Nwosu's complaint about Yale.  LCME responded that Nwosu's complaint "does not contain issues relating to the program's compliance with accreditation standards nor performance in accreditation elements" and therefore closed its file on the matter.  Compl. at 18.  As the LCME Defendants point out, though Nwosu may disagree with it, there is nothing false about that response.  LCME Mot. to Dismiss at 15–16.

Nwosu similarly fails to state a claim of negligent representation against Defendant Barzansky.  Nwosu does not allege that Barzansky made any representations to her at all, merely that Barzansky never responded to Nwosu's letter seeking reconsideration of the LCME's

12

decision not to pursue the complaint against Yale. Compl. at 19. Given that Nwosu has not identified any false representation made by Barzansky, either, her negligent misrepresentation claim fails. See C & E Servs., Inc. v. Ashland, Inc., 498 F. Supp. 2d 242, 256 (D.D.C. 2007).[8]

### C. Motion for Recusal

The Court also denies Nwosu's motion for recusal. Nwosu rests her motion on substantively the same allegations as those in the motion for recusal filed in Nwosu v. Four Seasons, No. 24-cv-25 (CRC), where she complained about the service she allegedly received at several Four Seasons hotels across the country. For the reasons the Court denied Nwosu's motion in that case, see ECF No. 37 at 5–6, the Court again denies Nwosu's motion for recusal here.

### D. Notice of Removal

Finally, the Court strikes Nwosu's notice purporting to remove this case to the Southern District of New York. For the reasons already explained, the Court does not find it in the interests of justice to transfer Nwosu's meritless claims to any other district court under 28 U.S.C. § 1404(a). And, as the Court previously noted, Nwosu is not a defendant and this Court is not a state court, so removal under 28 U.S.C. § 1441 is not appropriate. See Nwosu v. Four Seasons, No. 24-cv-25 (CRC), ECF No. 37 at 6.

### IV. Conclusion

For these reasons, it is hereby

---

[8] Nwosu did not serve the LCME Defendants properly, which is another ground for dismissal. She "only mailed copies of the complaint via certified mail to a District of Columbia office address where none of the LCME Defendants work," LCME Mot. to Dismiss at 1, rather than complying with Rule 4(e).

**ORDERED** that [Dkt. No. 10] Miami Defendants' Motion to Dismiss is GRANTED. It is further

**ORDERED** that [Dkt. No. 21] LCME Defendants' Motion to Dismiss is GRANTED. It is further

**ORDERED** that [Dkt. No. 31] Plaintiff's Motion for Recusal is DENIED. It is further

**ORDERED** that [Dkt. No. 39] Plaintiff's Notice of Removal is STRICKEN.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: November 5, 2024